IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CURTIS DAVIS                                                                                              PLAINTIFF

v.                                            Civil No. 1:22-cv-1028

RICHARD MICHAUM; and
SGT. J. COTTON                                                                                         DEFENDANTS

### ORDER

Before the Court is Plaintiff's failure to keep the Court informed of his address.

Plaintiff Curtis Davis filed this 42 U.S.C. § 1983 action *pro se* on May 18, 2022. (ECF No. 1). On May 15, 2022, the Court entered an order that, among other things, informed Plaintiff that he must immediately inform the Court of any change of address and failure to do so would subject this case to dismissal. (ECF No. 6). On June 13, 2022, mail sent by the Court to Plaintiff's address of record was returned as undeliverable, noted "RTS Return to Sender . . . Not Here." (ECF No. 11). Since then, Plaintiff has not updated his address or otherwise communicated with the Court.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). The Federal Rules of Civil Procedure also specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with any court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986).

Plaintiff has failed to keep the Court informed of his address. Thus, the Court now has no way to communicate with Plaintiff. Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 22nd day of July, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge